JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

VIVIAN WILLIAMS and Others Similarly Situated,
**(SEE ATTACHED FOR ADDITIONAL PLAINTIFFS)**

## DEFENDANTS

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY**

**(b)** County of Residence of First Listed Plaintiff    PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BRUCE BODNER, Kaufman, Coren & Ress, P.C., 1717 Arch Street, Suite 3710, Philadelphia, PA 19103; 215-735-8700

Attorneys *(If Known)*
JO BENNETT, Stevens & Lee, 1818 Market St., 29ᵗʰ Flr., Philadelphia, PA 19103, 215-751-2883

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ■ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |     Product Liability | |     28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |     Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |     Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
|     & Enforcement of Judgment |     Slander |     Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |     Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted |     Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark |     Corrupt Organizations |
|     Student Loans | ☐ 340 Marine |     Injury Product | | | ☐ 480 Consumer Credit |
|     (Excl. Veterans) | ☐ 345 Marine Product |     Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment |     Liability | **PERSONAL PROPERTY** | ■ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud |     Act | ☐ 862 Black Lung (923) |     Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract |     Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |     Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise |     Injury | ☐ 385 Property Damage |     Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - |     Product Liability | ☐ 790 Other Labor Litigation | |     Act |
| |     Med. Malpractice | | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |     Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | |     or Defendant) |     Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting |     Sentence | | ☐ 871 IRS—Third Party |     Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | |     26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | | |     State Statutes |
| ☐ 245 Tort Product Liability |     Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| |     Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition |     Alien Detainee | | |
| |     Other | ☐ 560 Civil Detainee - |     (Prisoner Petition) | | |
| | ☐ 448 Education |     Conditions of | ☐ 465 Other Immigration | | |
| | |     Confinement |     Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ■ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from another district *(specify)*
- ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**29 U.S.C. § 201, et seq.**
Brief description of cause:
**Violations of Fair Labor Standards Act**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    DEMAND $     CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ■ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE   Joel H. Slomsky    DOCKET NUMBER   06-00888

DATE   4-26-12

SIGNATURE OF ATTORNEY OF RECORD   *Bruce Bod*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**Williams, et al. v. SEPTA**
**USDC ED PA Civil Action**

| | |
|---|---|
| Vivian | Williams |
| Edward | Aponte |
| Pedro | Arce |
| Sherry | Bannister |
| Derrick | Banks |
| Thomas | Barrett |
| Emmie | Beamer |
| Robin | Bernan |
| Christopher | Blake |
| Yonzetta | Blakeney |
| Anita L. | Booker |
| Burrell | Boone |
| Vilma | Boone |
| Joseph | Boris |
| Lynn | Boyd |
| Terry Lee | Boyd |
| Cinderetta | Brooking |
| Albert L. | Brown |
| Theodore | Brown |
| Barbara R. | Bryan |
| Mark | Burnett |
| Shawn | Campbell |
| Tanya | Cannady |
| Sandra V. | Capps |
| Kennette | Chandler |
| Cyril | Chick |
| Dennis | Christie |
| Robert V. | Clayton |
| Alphonso | Coleman |
| Sean | Collier |
| Jose | Colon |
| D'Santai | Cooper |
| Samuel L. | Cooper, Jr. |
| Frank J. | Craney, Jr. |
| Antoinette | Davis |
| Chaplin A. | Davis |
| James | Davis |
| Morgan | Davis |
| Don | Depagnier |
| Stephen | Dillard |
| Anthony F. | DiSaluo |

| | |
|---|---|
| Amy | DuPree |
| John | DuPree |
| Victoria | DuPree |
| Frederick | Edwards |
| Reuben M. | Edwards |
| Bedner | Emile |
| Letif Q. | Everett |
| Lindwood | Ford |
| Fannie | Frasier |
| Zachary | Garvin |
| James | Gilliam |
| Alexander | Grady, Jr. |
| Leon | Graham |
| Khary | Gray |
| Eric | Green |
| Kenneth L. | Greene |
| Sharon | Gregory |
| Sheria | Gregory |
| Jolin | Grover |
| Paul | Hall |
| Demont | Hants |
| Darlene | Harley-Micks |
| David | Harris |
| Darryl | Harvin |
| Robert | Hawkins |
| David | Henderson |
| Derrick | Howell |
| Jovan | Jefferson |
| Willie | Jenkins, Jr. |
| Alice | Johnson |
| Anthony | Johnson |
| Jean | Joseph |
| Edward | Kerper, Jr. |
| Vernise C. | Kilgo |
| Tony M. | Latham |
| Charles A. | Latimore |
| Wayne C. | Logan |
| Donald P. | Lundberg |
| Eugene | Lyons |
| Douglas Y. | Maddox |
| Rose Marie | McPherson-Turdie |
| Elias | McCants, Jr. |
| Kevin A. | McMillan |
| David E. | Moyers |

| | |
|---|---|
| Richard P. | Miller, Jr. |
| Adri Z. | Mobley |
| Starletta | Moore-Lumpkin |
| Earl | Morsan, Jr. |
| William | Morris |
| Ronald | Nase |
| Sara | Nava |
| Joseph | Nelson |
| Darryl | Oliver |
| Joel | Orellan |
| Tanya | Pace |
| Robin | Purks |
| Jon | Pepper |
| Shanda | Perez |
| James | Phillips |
| Michael | Pitchford |
| Johnny | Powell |
| Lyllene | Prysock |
| LaToya R. | Reid |
| Steven A. | Riley |
| George | Sampson |
| E. | Santiago, Jr. |
| Darryl | Savage |
| Joseph | Schrier |
| Rhonell | Seabreeze |
| Kenneth | Seaford |
| Dennis C. | Scott |
| Jabari | Shabazz |
| Marvin | Shaw |
| Shawn | Sloan |
| Ernestine | Smith |
| Aquil | Snipes |
| Hattie | Spruill |
| Raquel | Stevenson |
| Christina M. | Stilwell |
| Michael A. | Stockman |
| Rebecca D. | Teasley |
| Robert | Thomas |
| Charlyn | Thompson |
| Clyde | Thompson |
| Michael | Thompson |
| Louis | Tillson |
| Carlos J. | Torres-Rodriguez |

| | |
|---|---|
| Kenneth D. | Tull |
| Leon | Vaughn |
| Jean R. | Vernias |
| Pamela | View |
| Necker | Vilmont |
| Nicole | VonCellis |
| Anthony | Walker |
| George | Watson |
| Charles | Weathersby |
| Daniel | Williams |
| Donnita | Williams |
| Frank A. | Williams |
| Jermaine M. | Williams |
| Seth B. | Williams |
| Anthony | Wingfield |
| Ronald | Woodberry |
| Albert T. | Woods |
| Robert J. | Xibos |
| John | Yancey |

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Bruce Bodner, Kaufman, Coren & Ress, P.C. 1717 Arch Street - Suite 3710, Philadelphia, PA 19103-2713

Address of Defendant:  1234 Market Street, Philadelphia, PA 19107

Place of Accident, Incident or Transaction:  Philadelphia, Pennsylvania

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No■

Does this case involve multidistrict litigation possibilities?   Yes☐   No■

*RELATED CASE, IF ANY:*

Case Number:  06-0088   Judge  Joel H. Slomsky   Date Terminated:  N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No■

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No■

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes■   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No■

**CIVIL:** (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ■ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**

*(Check Appropriate Category)*

I, Bruce Bodner , counsel of record do hereby certify:

■ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4-26-12   *Bruce Bodner*   79516

Attorney-at-Law   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   _____

Attorney-at-Law   Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| VIVIAN WILLIAMS and Others | : | CIVIL ACTION |
| Similarly Situated | : | |
| v. | : | |
| | : | |
| SEPTA | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( X )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| | | |
|---|---|---|
| April 26, 2012 | *Bruce Bodner* | Bruce Bodner |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiffs** |
| 215-735-8700 | 215-735-5170 | BBodner@kcr-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Vivian Williams, Edward Aponte, Pedro Arce, Sherry Bannister, Derrick Banks, Thomas Barrett, Emmie Beamer, Robin Bernan, Christopher Blake, Yonzetta Blakeney, Anita L. Booker, Burrell Boone, Vilma Boone, Joseph Boris, Lynn Boyd, Terry Lee Boyd, Cinderetta Brooking, Albert L. Brown, Theodore Brown, Barbara R. Bryan, Mark Burnett, Shawn Campbell, Tanya Cannady, Sandra V. Capps, Kennette Chandler, Cyril Chick, Dennis Christie, Robert V. Clayton, Alphonso Coleman, Sean Collier, Jose Colon, D'Santai Cooper, Samuel L. Cooper, Jr., Frank J. Craney, Jr., Antoinette Davis, Chaplin A. Davis, James Davis, Morgan Davis, Don Depagnier, Stephen Dillard, Anthony F. DiSaluo, Amy DuPree, John DuPree, Victoria DuPree, Frederick Edwards, Reuben M. Edwards, Bedner Emile, Letif Q. Everett, Lindwood Ford, Fannie Frasier, Zachary Garvin, James Gilliam, Alexander Grady, Jr., Leon Graham, Khary Gray, Eric Green, Kenneth L. Greene, Sharon Gregory, Sheria Gregory, Jolin Grover, Paul Hall, Demont Hants, Darlene Harley-Micks, David Harris, Darryl Harvin, Robert Hawkins, David Henderson, Derrick Howell, Jovan Jefferson, Willie Jenkins, Jr., Alice Johnson, Anthony Johnson, Jean Joseph, Edward Kerper, Jr., Vernise C. Kilgo, Tony M. Latham, Charles A. Latimore, Wayne C. Logan, Donald P. Lundberg, Eugene Lyons, Douglas Y. Maddox, Rose Marie McPherson-Turdie, Elias McCants, Jr., Kevin A. McMillan, David E. Moyers, Richard P. Miller, Jr., Adri Z. Mobley, Starletta Moore-Lumpkin, Earl Morsan, Jr., <br><br>***Continued on next page*** | **CIVIL ACTION NO. 12-cv-_____** <br><br><br> **JURY TRIAL DEMANDED** |

William Morris, Ronald Nase, Sara Nava,
Joseph Nelson, Darryl Oliver, Joel Orellan,
Tanya Pace, Robin Purks, Jon Pepper, Shanda
Perez, James Phillips, Michael Pitchford,
Johnny Powell, Lyllene Prysock, LaToya R.
Reid, Steven A. Riley, George Sampson, E.
Santiago, Jr., Darryl Savage, Joseph Schrier,
Rhonell Seabreeze, Kenneth Seaford, Dennis
C. Scott, Jabari Shabazz, Marvin Shaw, Shawn
Sloan, Ernestine Smith, Aquil Snipes, Hattie
Spruill, Raquel Stevenson, Christina M.
Stilwell, Michael A. Stockman, Rebecca D.
Teasley, Robert Thomas, Charlyn Thompson,
Clyde Thompson, Michael Thompson, Louis
Tillson, Carlos J. Torres-Rodriguez, Kenneth
D. Tull, Leon Vaughn, Jean R. Vernias,
Pamela View, Necker Vilmont, Nicole
VonCellis, Anthony Walker, George Watson,
Charles Weathersby, Daniel Williams, Donnita
Williams, Frank A. Williams, Jermaine M.
Williams, Seth B. Williams, Anthony
Wingfield, Ronald Woodberry, Albert T.
Woods, Robert J. Xibos, John Yancey, and
others similarly situated

          Plaintiffs,

    v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY
1234 Market Street
Philadelphia, PA 19107,

         Defendant.

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, by and through their undersigned counsel, after inquiry reasonable under the

circumstances, on behalf of themselves and all others similarly situated, allege as follows:

2

## INTRODUCTION

1.       This is an "off-the-clock" overtime case under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA" or the "Act") brought to remedy widespread violations of the FLSA by defendant Southeastern Pennsylvania Transportation Authority ("SEPTA" or the "Authority") that have deprived Plaintiffs, and other similarly situated SEPTA employees of overtime wages to which they are entitled.

2.       Plaintiffs are all adults residing and/or working within the Eastern District of Pennsylvania and during the relevant time period worked as operators assigned to SEPTA's Frontier or Suburban Division.  At various times within three (3) years leading up the commencement of this action, Plaintiffs drove a "swing-run," comprising two distinct periods of time operating a bus or trolley in passenger service, with a break varying in length, between the "first half" and the "second half" of the operator's run.

3.       This case involves the pre-trip inspection required prior to the start of the second half of Plaintiffs' swing run ("afternoon pre-trip inspection") and the time it takes an operator to travel from one "relief point" to another "relief point," or from a "relief point" to the depot, between the first and second halves of an operator's swing run ("Shuttle Time").

4.       There are two other law suits pending in this judicial district relating to FLSA claims against SEPTA.  One case, captioned Cooper, et al. v. SEPTA (the "Cooper Litigation"), presented claims essentially analogous to those presented in this case, covering swing run operators employed in SEPTA's City Transit Division only.  Another case, captioned Bell, et al. v. SEPTA, concerns compensation paid to operators for the performance of reporting and pre-trip inspection tasks prior to the start of an operator's run.

3

5.     This Complaint seeks to remedy past and present violations of the FLSA affecting swing run operators not covered by the Cooper Litigation, i.e. operators assigned to SEPTA's Frontier or Suburban Division.

6.     Under the FLSA, operators must be paid 1.5 times their regular rate of pay for all hours worked over forty (40) in a given week.  This statutory protection applies to all Plaintiffs and others similarly situated.

7.     Prior to February 2011, Frontier and Suburban Division swing run operators received no compensation whatsoever for their Shuttle Time or for the time spent performing the afternoon pre-trip inspection.

8.     In many cases, operators who performed the afternoon pre-trip inspections and/or had to travel off the clock between their first and second halves would work at least forty (40) hours in a week without having the Shuttle Time or the time spent performing the afternoon pre-trip inspection counted as "work time" or included in the calculation of overtime.

9.     In other cases, swing run operators who performed the afternoon pre-trip inspection and/or had to travel off the clock worked more than 40 hours in a week when the Shuttle Time and the afternoon pre-trip inspection is counted as "work time."

10.     In February 2011, SEPTA began compensating swing run operators with a ten (10) minute allowance intended to cover the time spent performing the afternoon pre-trip inspection.  The ten minute allowance, however, was deficient and failed to address violations of the FLSA in at least three ways: (1) the mandated afternoon pre-trip inspection takes at least fifteen (15) minutes to complete, five (5) minutes more than provided for by the allowance; (2) the ten (10) minute allowance is calculated into an operator's pay time as straight time, regardless of whether the

4

operator works in excess of forty (40) hours in a given week; and, (3) despite its change of policy, SEPTA made no effort to remedy violations of Plaintiffs' rights under the FLSA that occurred prior to February, 2011.

11.     In February 2011, SEPTA also began compensating swing run operators for their Shuttle Time, however, SEPTA made no effort to remedy violations of Plaintiffs' FLSA rights that occurred prior to February, 2011.

12.     SEPTA's February, 2011 policy modifications amount to an admission that it never compensated swing-run operators for their Shuttle Time or for performing the afternoon pre-trip inspection.

13.     SEPTA's policy continues to evince a willful disregard of the protections legislated by the FLSA.

14.     Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. §216(b) on behalf of all former and current SEPTA operators who, within three years prior to the their participation in this lawsuit:

- are or were assigned to SEPTA's Frontier or Suburban Division;

- worked a swing run operating a SEPTA bus and/or trolley;

- performed pre-trip vehicle inspections prior to the start of their second half; and/or were required to travel between the first and second halves of their run without compensation;

- worked more than 40 hours in at least one week (including time spent performing the afternoon pre-trip inspection);

- and were denied overtime pay for all time worked over 40 hours in violation of the FLSA.

5

15.     Plaintiffs will seek certification of this case as a collective action at the appropriate time in this litigation.

16.     Plaintiffs, on behalf of themselves and other similarly situated Frontier and Suburban Division operators, seek three years of FLSA compensation, an equal amount of liquidated damages, attorneys' fees and costs, and all other available and appropriate relief to which they, and all of those who opt in to this action, are entitled, as mandated by 29 U.S.C. §§ 207(a), 216 (b), 255, and other applicable provisions of the FLSA.

## PARTIES

17.     Plaintiffs are all adult individuals residing and/or working within this judicial district who were or are employed by SEPTA at its Frontier or Suburban Division.  In accordance with 29 U.S.C. §§216(b) and 256(a), each named plaintiff's written consent to be represented by counsel and become a party plaintiff to this action is being filed contemporaneously with the filing of this Collective Action Complaint.

18.     Defendant SEPTA is a regional public transit authority organized under the laws of the Commonwealth of Pennsylvania, with its principal executive offices located at 1234 Market St., Philadelphia, Pennsylvania 19107.  SEPTA is an employer within the meaning of the FLSA.

## JURISDICTION

19.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

20.     Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. 1391(b)-(c), because the acts complained are taking place in this judicial district, and because SEPTA maintains its principal place of business within this judicial district.

## FACTS

21.     SEPTA requires Frontier and Suburban Division swing run operators, as part of their daily work duties, to conduct afternoon pre-trip inspections and, in many cases, to travel off the clock between the first and second halves of their swing runs.

22.     As it relates to the afternoon pre-trip vehicle inspection, SEPTA has promulgated work rules and policies covering Plaintiffs and others similarly situated, including a Bus Operations Rules and Regulations Manual ("Operating Manual"), the relevant sections of which are attached hereto as **Exhibit A**.

23.     Before 1992, the pre-trip vehicle safety inspection was not required under either federal or state law.  Before this lawsuit was filed, however, the extensive and time-consuming pre-trip safety inspection became a legal requirement for all operators of commercial motor vehicles and a SEPTA requirement for all operators of passenger vehicles not covered by statute, namely trolleys. As a result, SEPTA adopted Operating Rule-150, which provides:

> ***Prior to departing from any bus yard***, or when making relief, Operators/Employees must make an inspection of their vehicle in accordance with the current outlined procedure. This inspection must be made utilizing the Vehicle Condition Report, (VCR), the CDL Pre-Trip/Relief Inspection Checklist/Quality Control Appearance Checklist provided for that purpose.

Ex. A at p. C-13 (emphasis added).  Thus, swing run operators must conduct a pre-trip vehicle inspection prior to the start of their second half

24.     As part of the afternoon pre-trip inspection, swing run operators are required to check numerous safety related items on their vehicles, ranging from the tire tread and pressure to the proper operation of the brakes and the vehicle's lights and reflectors.

7

25.   SEPTA's vehicle inspection checklist, which bus drivers must fill out and submit after completing the inspection, is attached hereto as **Exhibit B** and a description of the tasks involved in the afternoon pre-trip inspection is attached hereto as **Exhibit C**.

26.   Trolley operators perform a similar vehicle inspection.   The trolley inspection checklist ("LRV Pre-Trip/Relief Checklist") is attached hereto as **Exhibit D**.

27.   SEPTA trolley operators are qualified to drive a bus, have a Commercial Drivers License, and frequently operate buses on their routes when conditions on the street—such as track repair work—make it impossible to place trolleys in passenger service.  Therefore trolley operators are trained and familiar with the pre-trip inspection requirements for both busses and trolleys.

28.   When the pre-trip safety inspection became a mandate under state and federal law (for buses), SEPTA required its bus and trolley operators to perform the inspections described above. However, SEPTA failed to provide additional paid-time in Plaintiffs' schedules for the purpose of performing the safety inspection.

29.   Thus, for years, Plaintiffs performed the afternoon pre-trip safety inspection "off of the clock."

30.   The time requirements for both bus and trolley pre-trip inspections are substantially similar, if not identical, as the inspections cover safety concerns affecting buses and trolleys.  It takes *at least 15 minutes* (depending on the condition of the bus or trolley and other factors) to conduct the afternoon pre-trip inspection.

31.   In February, 2011, SEPTA changed its policy by allocating ten minutes for swing run operators to conduct the afternoon pre-trip inspection.

32.     Prior to February, 2011, SEPTA did not compensate swing run operators for the time spent performing the afternoon pre-trip inspection.

33.     As a result, before February, 2011, SEPTA did not consider the time spent performing the afternoon pre-trip inspection as work-time and did not include this time in the calculation of an operator's FLSA overtime compensation.

34.     SEPTA's decision to add ten minutes to perform the afternoon inspection in February, 2011 was an attempt to address the violations of the FLSA asserted in the Cooper Litigation.

35.     SEPTA's change of policy constitutes an admission that prior to February, 2011 Plaintiffs conducted the afternoon pre-trip inspection "off the clock."

36.     SEPTA has not compensated Plaintiffs for back-pay accrued prior to February, 2011.

37.     Moreover, SEPTA presently compensates Plaintiffs ten minutes for performing the afternoon pre-trip safety inspection, despite SEPTA's awareness that the inspection takes at least fifteen minutes to complete, nor does SEPTA does not treat the ten minute allowance to perform the afternoon pre-trip safety inspection as work time for purposes of calculating an operator's overtime pay.

38.     Swing run operators are often required to travel from the point at which their first half ends to the point at which their second half begins.   Under settled case law, shuttle time is compensable and must be applied toward an operators' cumulative entitlement to overtime pay under the FLSA.   However, prior to February, 2011, swing run operators received no compensation whatsoever for their Shuttle Time.

39.     SEPTA keeps records in the ordinary course of business sufficient to identify weeks in which Plaintiffs' total compensated and uncompensated work time exceeded forty hours, enabling

9

SEPTA to calculate the regular and overtime pay attributable to the allegations of this Complaint. As a result, SEPTA's violations of the provisions of the FLSA reflect a willful disregard of the Act.

**CLAIM FOR RELIEF**
**VIOLATIONS OF THE FLSA**

40.     Plaintiffs incorporate by reference paragraphs 1-39 of this Complaint as if fully set forth herein.

41.     At all times material to this action, the overtime provisions of § 207 of the FLSA have applied to SEPTA, to Plaintiffs, and to all other similarly situated Frontier and Suburban Division operators.

42.     SEPTA has wilfully and intentionally engaged in ongoing and knowing violations of the overtime provisions of the FLSA by requiring Plaintiffs and all other similarly situated swing run operators by requiring them to conduct afternoon pre-trip inspections off the clock and/or without appropriate compensation and by requiring them to travel off the clock between their first and second halves prior to February, 2011.

43.     SEPTA's wilful violation of the FLSA entitles Plaintiffs and other similarly situated to three years of damages pursuant to 29 U.S.C. § 255(a).

44.     As a result of the unlawful acts of SEPTA, Plaintiffs and other similarly situated SEPTA operators have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recover such amounts for three years, along with liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation to which they are entitled.

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated SEPTA Frontier and Suburban Division operators, demand judgment in the form of three years of back pay,

an equal amount of liquidated damages, attorneys' fees and costs, and all other available and

appropriate relief to which they, and all of those who opt in to this action, are entitled, as mandated

by 29 U.S.C. §§ 207(a), 216 (b), 255, and other applicable provisions of the FLSA.


        **KAUFMAN, COREN & RESS, P.C.**

BY: _Bruce Bod_____
        **Bruce Bodner, Esq., I.D. # 79516**
        **Howard J. Kaufman, Esq., I.D. # 09741**
        **1717 Arch Street, Suite 3710**
        **Philadelphia, PA 19103**
        **(215) 735-8700**
        bbodner@kcr-law.com
        hkaufman@kcr-law.com

**Dated:  April 26, 2012**

11

# EXHIBIT A

**SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY**

# BUS

# OPERATIONS

# RULES AND

# REGULATIONS

# MANUAL



*For the Government of
SEPTA Bus Operations
Personnel*

Rev 04/03/05.                                                    G.O. 05-01

# BUS OPERATIONS

# OPERATIONAL

# RULES

## INSPECTION, PREPARATION, SECURING, STORING, AND USE OF VEHICLES

### OR-150.  Requirement to Perform Inspection

Operators/Employees must know that the vehicle to which they have been assigned is safe for operation.

Prior to departing from any bus yard, or when making relief, Operators/Employees must make an inspection of their vehicle in accordance with the current outlined procedure.

This inspection must be made utilizing the **Vehicle Condition Report, (VCR) the CDL Pre-Trip/Relief Inspection Checklist/Quality Control Appearance Checklist** provided for that purpose.

### OR-151.  Requirement to Submit Required Reports

Prior to reporting off duty, Operators/Employees must submit to the designated person or place at the designated location any reports, which they have been required to complete during their assignment.

The **(VRC)**, the **(CDL) Pre-Trip/Relief Inspection Checklist/Quality Control Appearance Checklist** must be submitted for each vehicle to which the Operator/Employee has been assigned.  The requirement to submit the VCR applies whether or not the Operator/Employee has indicated any defects to the vehicle.

### OR-152.  Operator/Employee Requirement to Report Defects on Vehicles

Operators/Employees are required to report all defects found on vehicles regardless of the degree of the defect.

Upon finding a defect, the Operator/Employee must indicate such on the **(VCR)**. If the defect is determined to be of a serious nature, the Control Center or Supervisor must be notified immediately. If necessary, the vehicle must be removed from service. If the defect occurs en route, the Operator/Employee is governed by the instructions of the Control Center.

Defects must be reported on the **(VCR)** and submitted after each vehicle used or as otherwise directed.

G.O. 05-01

# EXHIBIT B

# CDL PRE-TRIP/RELIEF STATE INSPECTION CHECK LIST

## Required Items to Check

| | OK | NOT OK |
|---|---|---|
| 1. Service/Parking Brakes | ☐ | ☐ |
| 2. Air Pressure | ☐ | ☐ |
| 3. Steering Mechanism | ☐ | ☐ |
| 4. Lights & Reflectors | ☐ | ☐ |
| 5. Horn | ☐ | ☐ |
| 6. Windshield Wipers | ☐ | ☐ |
| 7. Rear Vision Mirrors | ☐ | ☐ |
| 8. Wheels, Rims & Tires | ☐ | ☐ |
| 9. Emergency Equipment | ☐ | ☐ |
| 10. Vehicle Registration & Insurance Card | ☐ | ☐ |

## Other Items To Be Checked

| | OK | NOT OK |
|---|---|---|
| 1. Seat Belt | ☐ | ☐ |
| 2. Chock | ☐ | ☐ |
| 3. Doors | ☐ | ☐ |
| 4. Radios | ☐ | ☐ |
| 5. P.A. System | ☐ | ☐ |
| 6. Destination Signs | ☐ | ☐ |
| 7. Fare Box | ☐ | ☐ |
| 8. Lift/Securement Device | ☐ | ☐ |
| 9. Signed Previous VCR | ☐ | ☐ |

Operator Signature _____

Account Number _____

Relief Operator _____

Account Number _____

Route/Block _____

Date _____ Bus # _____

Southeastern Pennsylvania Transportation Authority
Safety • Service • Continuous Improvement

© SEPTA F0426 / REV. 3/1/03

**Note Scratches with a Line ( — )
and Dents with an ( X )**



Front     Rear

Right Side     Left Side

# EXHIBIT C

# THE SKILLS TEST

The Skills Tests is made up of three separate tests: a Pre-Trip Inspection, Basic Control Maneuvers, and a Road Test. The information contained below identifies the information that you will have to know in order to pass the Skills Test.

## VEHICLE PRE-TRIP INSPECTION

For the vehicle examination you will have to conduct a thorough inspection of the vehicle. You may use a memory aid. As you do the inspection, point to or touch the items you are inspecting, and explain what you are looking for. Begin with the start-up check, then turn off the engine and continue the inspection. You can use the Pre-Trip Inspection Checklist to help you prepare for the pre-trip exam.

## PRE-TRIP INSPECTION CHECKLIST
### (TRANSIT BUS)

| ITEM | DESCRIPTION / PROCEDURES | WHAT YOU HAVE TO DO TO PASS |
|---|---|---|
| | | **OUTSIDE INSPECTION (Engine shut off)** |
| | | **FRONT OF VEHICLE** |
| **LIGHTS AND REFLECTORS** | Headlights, turn signals, marker lights and reflectors | Check that all reflectors and lights are clean; none are missing or broken; and proper color (marker lights: red on rear, amber elsewhere). |
| **WINDSHIELD** | Windshield | Check for cracks, dirt, and valid inspection sticker or other obstructions to view. |
| **WIPERS** | Windshield wipers | Check for worn or cracked rubber on blades; blades secure on wiper arm. |
| | | **LEFT SIDE OF VEHICLE** |
| **MIRRORS, DRIVER'S WINDOW** | Side mirrors for rear view of traffic | Check for proper adjustment; not cracked or loose (fittings); visibility not impaired due to dirty mirrors. |
| | Driver Window | Driver window not cracked or broken and works properly |
| **LIGHTS/REFLECTORS** | All exterior lights and reflectors | Check for broken lenses, proper color, etc. |
| **TIRES** | Front tires | Check tread depth (see Note); tire inflation (see Note); tread evenly worn; look for cuts or other damage to the tread or walls; valve cap and stem are not missing, broken or damaged; retread not separating from tire (no retreads on front wheels). NOTE: Minimum tread depth is 4/32 on front tires and 2/32 on rear tires.  A tire mallet can be used to check that the tire is not flat.  Do not kick a tire to check if it is flat. |
| **RIMS** | Retain tires on all wheels | Check for damaged or bent rims; no weld marks; no rust trails that indicate rim is loose. |

– 32 –

| ITEM | DESCRIPTION / PROCEDURES | WHAT YOU HAVE TO DO TO PASS |
|---|---|---|
| LUG NUTS | Hold wheel on axle. | Check that all lug nuts are present; that lugs are not loose (look for rust trails around nuts); no cracks radiating from lug bolt holes, nor distortion of the bolt holes. |
| HUB OIL SEAL | Seals in lubrication for wheel hub. | Check wheel hub oil seal is not leaking. |
| AIR-LEAKS | Front & Rear (Air brake and suspension systems) | No audible air leaks from air brake system, or from suspension system air bags. |
| PASSENGER WINDOWS AND COMPARTMENTS | All windows and compartments | Check windows and compartments are secure. |
| REAR WHEEL ASSEMBLY | Tire, lug nuts and hub oil seal | Examine rear wheel assembly as done for front wheel, tread depth of 2/32 or more is permitted, along with retreads and we use Budd rims so spacers are not required. |
| | | **REAR OF THE VEHICLE** |
| COMPARTMENT DOORS | Engine and Air Tank compartment doors | Check that both compartment doors are secure |
| ENGINE LEAKS | Leaks under engine | Check for leaks of Coolant, Oil and Transmission Fluid |
| LIGHTS / REFLECTORS | Brake lights, rear signal lights, and hazard lights. | Check for correct lens color and broken lenses, etc. |
| | | **RIGHT SIDE OF VEHICLE - Check same items as left side with the addition of:** |
| CENTER DOORS | Center passenger doors | Check to see that the doors close securely. |
| FUEL TANK | Holds fuel | Check that tank cap is secure and there are no leaks. |
| DOORS AND MIRROR | Front doors and outside mirror | Check that doors are securely mounted, mirror is not cracked, loose or dirty. |
| | | **BUS INTERIOR – DRIVERS COMPARTMENT** |
| START-UP CHECK | Various operator compartment functions. | Before starting engine, ensure parking brake is applied, gear shift selector is in neutral, and wheel checked. |
| START ENGINE | Start the engine. | Start the engine |
| STEERING PLAY | Check for excessive looseness in the steering linkages. | Power steering check, with engine running move steering wheel from left to right and note degree of free play that occurs before front left wheel barely moves, should be less than 5-10 degrees. |

| ITEM | DESCRIPTION / PROCEDURES | WHAT YOU HAVE TO DO TO PASS |
|---|---|---|
| AIR BRAKE CHECK | Procedures to be followed in checking air brake system.<br><br>Failure to properly perform the air brake check is an automatic failure for the vehicle inspection portion of the CDL test. | 1. Check that the air pressure is between 105-125 psi, chock wheel and shut off engine.<br>2. Listen for audible air leaks in the braking and suspension systems.<br>3. Turn master control switch to Night Run.  Release parking brake, the loss rate should be less than 2 psi in one minute.<br>4. Make full application of service brake, the loss rate should be less than 3 psi in one minute.<br>5. Pump service brake, when air pressure reaches 60 psi, the low air light and alarm should come on.<br>6. Continue to pump service brake until spring brake applies (20-40 psi).<br>7. Start engine and build air pressure, the low air pressure warning device should go off between 60-80 psi, continue building the air pressure to 85 to 100 psi within 45 seconds, continue building air pressure until the governor cuts out the air compressor.<br>8. Remove chock then check parking brake by placing transmission in drive and lightly accelerate, parking brake must hold bus.<br>9. Check service brake by releasing parking brake and moving forward.  At 5 mph apply service brake and stop, check that the bus stops normally and the steering wheel does not pull left or right.<br>10. Place transmission in neutral, apply parking brake, and chock wheel. |
| MIRRORS | Inside Mirrors:  Rear view, relay, front and center stepwell. | Check for proper adjustment; not cracked or loose; visibility not impaired due to dirty mirrors. |
| WINDSHIELD | Windshield | Check for cracks, dirt, and other obstructions to view. |
| WIPERS | Windshield wipers and washer | Check that they operate properly. |
| VOLTMETER | Shows if alternator is functioning. | Check that gauge shows alternator is charging (24-28 volts). |
| LIGHTING INDICATORS | Dashboard indicator telltale lights. | Check that indicators illuminate when corresponding lights are turned on, check high beams, turn signals and hazard lights. |
| OIL PRESSURE BUILDS | Engine oil pressure is adequate. | Check that oil pressure is building to normal; the warning light goes off. |
| HORN(S) | Horn for warning other drivers or pedestrians. | Make sure that it works properly. |
| HEATER/DEFROSTER | Heats cab or passenger compartment, and defrosts windshield. | Check that heater/defroster is working. |

| ITEM | DESCRIPTION / PROCEDURES | WHAT YOU HAVE TO DO TO PASS |
|------|--------------------------|------------------------------|
| ALL LIGHTS | Headlights, turn signals, marker, ID, brake, rear signal and hazard lights. | Driver must activate lights, the examiner will check from outside to see if they are working. |
| SAFETY/EMERGENCY EQUIPMENT | Equipment for use during breakdown, or at an accident scene. Turn on your interior lights and activate your front and center doors. | Check for 3 red reflective triangles; properly charged and rated fire extinguisher (A,B,C). Also, open 2 emergency exits (window, roof hatch, or center doors). Buses do not require fuses. |
| INSIDE OF VEHICLE | Passenger area | Check condition of seats, passenger entry/exit, stanchions, floor, and interior lights. Record any defects or irregularities. |

- 35 -

# EXHIBIT D

# LRV Pre-trip/Relief
# Check List

**Check if any item is defective**    ☑

1. **Brakes/Air Pressure** ☐
2. **Sanders** ☐
3. **Horns/Gong** ☐
4. **Lights** ☐
5. **Wipers** ☐
6. **Doors** ☐
7. **Radio** ☐
8. **P. A. System** ☐
9. **Destination Signs** ☐
10. **Pocket Schedules** ☐
11. **Farebox** ☐
12. **Graffiti** ☐
13. **Body Damage** ☐
14. **Cleanliness** ☐
15. **Emergency Equipment** ☐
16. **CBTC** ☐
17. **Other** ☐

Operator Signature_____

Account #_____

Relief Operator
Signature_____

Account #_____

Route/Block_____

Date_____ Trolley_____

**SEPTA**

© SEPTA F-0440 / REV. 10/09



**Note Scratches with a Line (–) and Dents with an ( X )**

Front          Rear

Right Side     Left Side